UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-88-KKC

JAMES HOLMAN BROWNING, JR.                                              PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

L.T. PENNERTON, ET AL.                                                  DEFENDANTS

James Holman Browning is confined in the United States Penitentiary located in Tucson, Arizona (Tucson-USP). In this *pro se* civil rights action, Browning asserts claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and/or (2) the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 2680 ("FTCA").

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

Under *Bivens*, the plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of *federal* law. *Bivens*, 403 U.S. at 397.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. See *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. See *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C.

§1915(e)(2), a district court may dismiss a case at any time if it determines that the action is (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

Browning names five (5) defendants in this action. All appear to have been officials at the United States Penitentiary-Big Sandy ("USP-Big Sandy"), which is located in Inez, Kentucky. Browning named the following persons as defendants: (1) L.T. Pennerton; (2) Tim Fazenbaker; (3) Myron L. Batts; (4) Suzanne R. Hastings[1]; and (5) "B." Gourdouze.

## CLAIMS ASSERTED AND RELIEF SOUGHT

Browning claims that his rights under the Eighth Amendment of the United States Constitution were violated by the defendants' alleged refusal to protect him from avoidable physical harm at the hands of another inmate. He claims that he was, in essence, subjected to cruel and unusual punishment in violation of the Eighth Amendment. Browning also asserts related claims under the FCTA. Browning seeks damages in the amount of $50,000.00. Browning also seeks the appointment of counsel.

## ALLEGATIONS OF THE COMPLAINT

In compliance with a Deficiency Order entered on May 12, 2008 [Record No. 5], Plaintiff Browning filed a revised Complaint [Record No. 7]. The following is a summary of the relevant claims asserted in the Complaint.

Browning was previously confined in USP-Big Sandy. Browning alleges that on December 11, 2006, he was physically attacked by another inmate at USP-Big Sandy, whom he

---

[1] The Court take judicial notice of the fact that Suzanne Hastings was the former warden of USP-Big Sandy. The current warden is Hector Rios.

2

identifies as "Inmate Coats." Browning alleges that Inmate Coats inflicted two puncture wounds on him. Browning states that the wounds were so deep that they reached into his lungs and barely missed hitting his spinal cord [*See* Record No. 7, p. 5].

Browning alleges that the day prior to the assault by Inmate Coats, he warned USP-Big Sandy Staff prison staff (specifically, Defendants Fazenbaker and Batts) that Inmate Coat presented a dangerous threat to his (Browning's) safety [*Id*., p. 7]. He alleges that on December 10, 2006, he specifically asked Batts and Fazenbaker not to place Inmate Coats in his cell because Coats had a history of perpetrating violent acts on other inmates [*Id*].

Browning contends that on the following day, December 11, 2006, he asked Defendants Edwards and Pennerton to lock him (Browning) in an activity room and count him there, instead of placing him back in the cell with Coats. Browning claims that Coats specifically threatened to injure him and that he (Browning) conveyed that threat to the defendants [*Id*]. Browning alleges that the defendants failed to take proper action to remove him (Browning) from a known and protect him from an avoidable risk of physical injury.

Finally, Browning alleges that after his assault, USP-Big Sandy staff failed to adequately investigate alleged wrong-doing by staff members. He claims that he has made repeated attempts to lodge complaints and initiate inquiries about the prison staff's failure to protect him from foreseeable injury at the hands of Inmate Coats.

In light of these claims, Browning asserts *Bivens* claims against the named federal defendants based on their alleged deliberate disregard of his safety in violation of the Eighth Amendment of the United States Constitution. Browning asserted related claims under the FTCA

## DISCUSSION
### 1. Eighth Amendment Claims
#### A. Official Capacity Claims

Browning has not specified the capacity in which he sues the named defendants. To the extent that Browning asserts claims against the defendants in their official capacities, those construed claims suffer from a fatal defect.

A *Bivens* claim is only properly asserted against individual federal employees in their *individual* capacities. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984); *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592 (1st Cir. 1982); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Butz v. Economou*, 438 U.S. 478, 512-14 (1978)).

When damages are sought against federal employees in their *official* capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 847-75 (9th Cir. 1975). When a federal employee is sued in his or her individual capacity, the action is not a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). The only proper defendant in a *Bivens* claim is a person acting under color of federal law in that person's individual capacity.

Browning has failed to state a claim upon which relief can be based against any of the named defendants in their *official* capacities. These claims will be dismissed with prejudice.

B. Individual Capacity Claims

The Court will require the named defendants, in their individual capacities, to answer the Eighth Amendment claims asserted in the Complaint [Record No. 7]. The Clerk will be directed to issue summonses for the named defendants in their individual capacities.

2. FTCA Claims

Browning has not named the United States as a party to this action, even though he asserts claims under the FTCA. Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction. *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). *See also Vernell by and through Vernell v. United States Postal Service*, 819 F.2d 108, 110 (5th Cir.1987); and *Myers & Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2d Cir.1975). The Court will dismiss Browning's FTCA claims without prejudice.

3. "Motion for Appointment of Counsel" [Record No. 3]

In his motion, Browning asserts that he needs trained legal counsel to represent him in this matter, which he states will " . . . likely involve conflicting testimony." [Record No. 3, p.2]. Browning also claims that counsel could better assist him in cross examining witnesses [*Id*].

The Court must deny Browning's motion for appointment of counsel. Counsel cannot be appointed and paid on this type of case pursuant to 28 U.S.C. § 1331. In a civil action such as this, the Court may only "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). In determining whether to appoint counsel, the Sixth Circuit has explained:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining

5

> whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues.

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

A district court exercises its discretion in evaluating these factors, and its decision will be reversed "only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'" *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (citations omitted).

Courts in the Sixth Circuit do not appoint counsel for *pro se* prisoners in civil cases absent truly extraordinary exceptional circumstances. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). Also, see factors discussed in *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995), and *Tabron v. Grace*, 6 F.3d 147, 156-57 (3rd Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994).

There are no exceptional circumstances in this case that would warrant an appointment of counsel in this case. First, Browning's claims fall squarely under the Eighth Amendments of the United States Constitution. These claims do not present unusual or complex facts. Second, Browning has demonstrated a sufficient ability to represent himself in this matter, having submitted a well- worded complaint in which he articulated his allegations and claims. For these reasons, the Court will deny his motion to appoint counsel.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) James Holman Browning's "Motion for Appointment of Counsel" [Record No. 3] is **DENIED**.

(2) James Holman Browning's FTCA claims are DISMISSED **without** prejudice.

(3) James Holman Browning's Eighth Amendment *Bivens* claims against: (1) L.T. Pennerton; (2) Tim Fazenbaker; (3) Myron L. Batts; (4) Suzanne R. Hastings; and (5) "B." Gourdouze, in their **official** capacities, are **DISMISSED WITH PREJUDICE**.

(4) The Pikeville Clerk's Office shall prepare the documents necessary for service of process upon the following defendants: (1) L.T. Pennerton; (2) Tim Fazenbaker; (3) Myron L. Batts; (4) Suzanne R. Hastings; and (5) "B." Gourdouze in their **individual** capacities.

(5). For each identified defendant, the Clerk shall prepare the necessary number of "Service Packets" consisting of the following documents:

    a. Completed summons form;

    b. Complaint [Record No. 7];

    c. *Pro Se* Declaration [Record No. 2];

    d. This Memorandum Opinion and Order; and

    e. Completed USM Form 285.

If the Clerk is unable to accurately complete any of the documents described above, the Clerk shall set forth the reason in a docket entry.

(6). For each identified defendant, the Clerk shall prepare three (3) Service Packets to be provided to the USM Office in Lexington, Kentucky, addressed as follows:

    a. to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

    b. to the Office of the Attorney General of the United States in Washington,

D.C.; and

    c.  for personal service at the BOP Central office in Washington, D.C.

(7). The Pikeville Clerk shall send the required Service Packets for each identified defendant by certified mail to USM Office in Lexington, Kentucky. The Clerk shall enter the certified mail receipt into the record and note in the docket the date that the Service Packet was delivered to the USM Office.

(8). The USM Office shall serve each of the identified defendants by:

    a.  Sending a Service Packet for each identified defendant by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

    b.  Sending a Service Packet for each identified defendant by certified or registered mail to the Office of the Attorney General of the United States in Washington, D.C.; and

    c.  Personally serving a Service Packet upon the three defendants at USP-Big Sandy through arrangement with the Federal Bureau of Prisons.

The USM Office is responsible for ensuring that each defendant is successfully served with process. In the event that an attempt at service upon a defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

(9). Within 40 days of the date of entry of this Order, the USM Office shall send a Service Report to the Pikeville Clerk's Office, which the Deputy Clerk shall file in the record,

which states whether service has been accomplished with respect to each identified defendant.

  a. For each defendant to be served by certified mail, the Service Report shall include:

    1. a copy of the green card showing proof of service; or

    2. a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

  b. For each defendant to be personally served, the Service Report shall indicate:

    1. that the defendant was successfully served personally, or

    2. a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.

(10). The plaintiff shall immediately advise the Pikeville Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

(11). The plaintiff must communicate with the Court solely through notices or motions filed with the Pikeville Clerk's Office. **The Court will disregard correspondence sent directly to the judge's chambers.**

(12) For every further pleading or other document he wishes to submit to the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and

correct copy of the document was mailed to each defendant or counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk, or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

Dated this 8th day of October, 2008.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge