UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-88-KKC

JAMES HOLMAN BROWNING, JR                                                        PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

L.T. PENNERTON, ET AL.                                                                DEFENDANTS

Currently before the court for consideration is the "Motion for Extension of Time to File Reconsiderations {Sic} of Official Capacity, Payment Order and Appointment of Counsel" [Record No. 13] filed by James Holman Browning, the *pro se* plaintiff. Browning is confined in the United States Penitentiary which is located in Tucson, Arizona (Tucson-USP).

PROCEDURAL BACKGROUND

In his *pro se* civil rights complaint, Browning asserted claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and/or (2) the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 2680 ("FTCA").

On October 8, 2008, the Court entered a Memorandum, Opinion and Order: (1) denying Browning's "Motion for Appointment of counsel"; (2) dismissing Browning's FTCA claims without prejudice; (3) dismissing Browning *official* capacity Eighth Amendment claims against five of the named defendants, and (4) directing the Clerk of the Court to issue summonses for the following five defendants, in their individual capacities only : (1) L.T. Pennerton; (2) Tim Fazenbaker; (3) Myron L. Batts; (4) Suzanne R. Hastings; and (5) "B." Gourdouze.[1]

---

[1] All defendants appear to have been officials at the United States Penitentiary-Big Sandy ("USP-Big Sandy"), which is located in Inez, Kentucky The Court take judicial notice of the fact that Suzanne Hastings was the former warden of USP-Big Sandy. The current warden is Hector Rios.

Browning's current motion covers four subjects. First, he asks the Court for permission for extension of time in which to file a motion for reconsideration of the dismissal of the claims against the USP-Big Sandy defendants in their official capacity. Second, Browning asks for reconsideration of the denial of his motion for appointment of counsel. Third, Browning asks to the Court to address the fact that he named a sixth defendant, "Mr. Edwards, Officer of B-3 Dorm." Fourth, Browning mentions the "Payment Order"[Record No. 9] in the caption of the motion [Record No. 10], but he provides no other information.

## DISCUSSION

It appears that Browning wants to file a motion for reconsideration under Fed. R. Civ. P. 59, which allows a litigant to asks a federal court to reconsider an Order or Judgment. A district court will grant reconsideration only if the movant shows "(1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Op. Indep. Drivers Ass'n v. Arctic Express*, 288 F. Supp. 2d 895, 900 (S. D. Ohio 2003) (citing *GenCorp v. AIU*, 178 F.3d 804, 834 (6th Cir. 1999)). Reconsideration may also be appropriate where the court fundamentally misapprehended the nature of the issues raised by the parties. *Cf. Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995).

Conversely, a motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *See Smith v. Mt. Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). *See, e.g., Prater v. Con-Rail*, 272 F. Supp. 2d 706, 710 (N.D. Ohio 2003) (denying reconsideration of order excluding physician's testimony, as movant could have presented evidence of his qualifications in opposing motion in limine but failed to do so).

The Court will deny the plaintiff's current motion] seeking an extension of time to address the issues he raised in his motion [Record No. 10]. His purported Rule 59(e) motion would be meritless. On two of the four issues he raised, Browning he would only be attempting to rehash unsuccessful claims and requests which the Court has previously rejected.

First, for the reasons set forth in the Opinion and Order, the appointment of counsel is simply not warranted in this case. In accordance with the abundant case law cited in the Opinion and Order, federal courts do not appoint counsel in *pro se* civil rights cases absent extraordinary circumstances. Such circumstances do not exist in Browning's case. Additionally, Browning has shown that he can ably represent himself in this civil action.

Second, allowing Browning to have an extension of time for filing a motion objecting to the dismissal of his claims against the federal defendants in their *official* capacities would be a waste of judicial resources. The law is settled that damages cannot be sought against federal employees in their official capacities. "A *Bivens* claim may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988); and *Butz v. Economou*, 438 U.S. 478, 512-14 (1978)). The claims for damages against the defendants in their official capacities were properly dismissed with prejudice. Reconsideration of that determination is not warranted.

As for Browning's other two issues, the Court will address same without the necessity of Browning filing another motion. First, the Court did in fact omit a sixth defendant from mention in the Opinion and Order, that being "Mr. Edwards, Officer of B-3 Dorm." The Clerk will be instructed in this Order to issue summons for Defendant Edwards, in his individual capacity, on the Eighth Amendment claim. Additionally, the United States Marshal's Office will be directed to serve

3

Defendant Edwards with process.

The Opinion and Order will be amended to reflect the fact that the additional summons will be issued and that Edwards will be served. It is therefore not necessary for Browning to file an additional motion on this issue.

Second, the Court will enter a separate Order amending the "Payment Order" [Record No. 9] to reflect that the initial partial filing fee should be 20% of $181.12, which is **$36.22**, not $43.46, as stated in the "Payment Order." Browning does not need to file a motion on this issue.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The "Motion for Extension of Time to File Reconsiderations {Sic} of Official Capacity, Payment Order and Appointment of Counsel" [Record No. 13], filed by Plaintiff James Holman Browning, is **DENIED**.

(2) The Memorandum Opinion and Order entered on October 8, 2008 [Record No. 10] is **AMENDED** to reflect that James Holman Browning's **official capacity** Eighth Amendment *Bivens* claims against "Mr. Edwards, Officer of B-3 Dorm at USP-Big Sandy," are **DISMISSED WITH PREJUDICE**.

(3) The Pikeville Clerk's Office shall prepare the documents necessary for service of process upon "Mr. Edwards, Officer of B-3 Dorm at USP-Big Sandy" in his **individual capacity**.

(4) The Clerk shall prepare the necessary number of "Service Packets" consisting of the following documents:

    a.    Completed summons form;

    b.    Complaint [Record No. 7];

        c.        *Pro Se* Declaration [Record No. 2];

        d.        Memorandum Opinion and Order [Record No. 10];

        e.        This Order;

        f.        Completed USM Form 285.

If the Clerk is unable to accurately complete any of the documents described above, the Clerk shall set forth the reason in a docket entry.

(5)    For Defendant Edwards, the Clerk shall prepare three (3) Service Packets to be provided to the USM Office in Lexington, Kentucky, addressed as follows:

        a.        to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

        b.        to the Office of the Attorney General of the United States in Washington, D.C.; and

        c.        for personal service at the BOP Central office in Washington, D.C.

(6)    The Pikeville Clerk shall send the required Service Packets for Defendant Edwards by certified mail to USM Office in Lexington, Kentucky. The Clerk shall enter the certified mail receipt into the record and note in the docket the date that the Service Packet was delivered to the USM Office.

(7)    The USM Office shall serve Defendant Edwards by:

        a.        Sending a Service Packet for Defendant Edwards by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

        b.        Sending a Service Packet for Defendant Edwards by certified or

registered mail to the Office of the Attorney General of the United States in Washington, D.C.; and

        c.      Personally serving a Service Packet on Defendant Edwards at USP-Big Sandy through arrangement with the Federal Bureau of Prisons.

The USM Office is responsible for ensuring that Defendant Edwards is successfully served with process. In the event that an attempt at service upon him is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

(8)    Within 40 days of the date of entry of this Order, the USM Office shall send a Service Report to the Pikeville Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished with respect to Defendant Edwards.

        a.      The Service Report shall include:

            1.      a copy of the green card showing proof of service; or

            2.      a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

        b.      The Service Report shall indicate:

            1.      that the defendant was successfully served personally, or

            2.      a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.

(9)    The plaintiff shall immediately advise the Pikeville Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

(10)    The plaintiff must communicate with the Court solely through notices or motions

filed with the Pikeville Clerk's Office.  **The Court will disregard correspondence sent directly to the judge's chambers.**

(11)	For every further pleading or other document he wishes to submit to the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.  **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk, or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

Dated this 24th day of October, 2008.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge