UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-88-KKC

JAMES HOLMAN BROWNING, JR.,                                                      PLAINTIFF,


VS:                                          **OPINION AND ORDER**


L.T. PENERTON, ET AL.,                                                      DEFENDANTS.


This matter is before the Court on the Supplemental Motion to Dismiss (DE 49) filed by the

Defendants. For the following reasons, the motion will be GRANTED in part and DENIED in part.

**I.        BACKGROUND.**

Plaintiff James Holman Browning, Jr. claims that various prison officials violated his right

to be free from cruel and unusual punishment under the Eighth Amendment of the United States

Constitution when they did not comply with his request that he be separated from a cellmate who

subsequently attacked him.

As a result of prior opinions in this matter, the sole claims remaining in this action are

Browning's *Bivens* claims against four of the six originally-named Defendants. Browning alleges

that these Defendants were officials at the United States Penitentiary-Big Sandy ("Big Sandy"),

which is the prison where Browning was housed at the time of the assault. These officials are Myron

Batts, Timothy Fazenbaker, and L.T. Pennerton. In addition, Browning named a "Mr. Edwards" as

a Defendant.

The United States has asserted that the name of the Defendant that Browning identified as

L.T. Pennerton is actually "Lieutenant Benjamin Pennington." (DE 34 at 1 n.1). Accordingly, the

Court will order that Benjamin Pennington be substituted for L.T. Pennerton as a Defendant in this matter. The Defendants now move to dismiss the Eighth Amendment claims against them.

## II. ANALYSIS.

### A. Motion to Dismiss "Mr. Edwards."

In their Motion to Dismiss, the Defendants attach a declaration by Theda Mobley, Employee Services Manager at Big Sandy, who states that the prison's employment records do not reflect that any individual with the last name "Edwards" was employed by Big Sandy at the time of the assault.

"Although in some instances the district court may consider evidence outside the complaint [on a motion to dismiss], in doing so it converts the motion to dismiss to a motion for summary judgment. Fed.R.Civ.P. 12(b)(6). If the district court chooses to treat the motion as one for summary judgment, it must give the parties a 'reasonable opportunity' to present all material made pertinent to such a motion by Rule 56." *Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001).

Here, however, in his response, Browning does not object to the Defendants' allegation that no one with the last name Edwards was employed by the prison at the time of the assault. Nor does Browning indicate that any discovery on this issue is necessary or that there is any other material pertinent to this issue that he would like to present. Accordingly, Browning's claim against "Mr. Edwards" will be dismissed.

### B. Motion to Dismiss the Three Named Defendants.

As to Browning's claims against the remaining three Defendants, he alleges that the day before the attack, he asked Fazenbaker to separate him from inmate Coates, the inmate who ultimately assaulted Browning. Browning alleges he told Fazenbaker that he feared that Coates would be violent with Browning. Browning alleges that Fazenbaker told him he would move

Browning from the cell the two shared before Fazenbaker left work that day.

Browning alleges that the day of the attack, he also asked Batts to separate him from inmate Coates. He appears to allege that he told Fazenbaker and Batts that Coates told Browning that Browning had to move from the cell "or there would be trouble for me."

Browning alleges that, the day of the attack, he either asked Pennington prior to "count time" to be locked into an activity room and be counted there, rather than in his cell, or that Pennington was aware of that request. He appears to allege that Pennington nonetheless required him to go to his cell with Coates. He alleges that Pennington knew about Coates' threats toward Browning.

Prison officials have a duty under the Eighth Amendment "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). For a claim based on a prison official's failure to prevent harm to a prisoner, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm and that the official was deliberately indifferent to the prisoner's health and safety. *Id*. at 834.

As to the definition of deliberate indifference, the Supreme Court has explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.*. at 837. "A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmate face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact. . ." *Id*. at 842.

The Defendants move the Court to dismiss the claims against them for failure to state a

claim, asserting essentially that they had no knowledge that there was a "substantial risk" that Browning would be assaulted by Coates. The Defendants also argue that they are entitled to qualified immunity because Browning has failed to establish a constitutional violation. Here, again, the Defendants argue that there is no evidence that they "should have known" that Browning would be assaulted and, thus, they are entitled to qualified immunity.

In response, Browning argues first that the Court should not consider this Supplemental Motion to Dismiss, apparently because it is the Defendants' second Motion to Dismiss. However, under the Federal Rules of Civil Procedure, a Defendant may file a Motion to Dismiss for failure to state a claim anytime before filing an answer. Fed. R. Civ. P. 12(b). Accordingly, the Court will consider the Supplemental Motion to Dismiss.

On a Motion to Dismiss, the Court must accept all of Browning's allegations as true and construe the complaint in the light most favorable to him. *Riverview Health Institute LLC v. Medical Mutual of Ohio*, – F.3d – , 2010 WL 1330055 at * 3 (6th Cir. 2010). This is also true for the qualified immunity analysis. *Hope v. Pelzer,* 536 U.S. 730, 736 (2002) ("The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation."); *Harrison v. Ash*, 539 F.3d 510, 517 (6th Cir. 2008) ("To determine whether qualified immunity was properly denied, this Court must examine: (1) whether, considering the evidence in the light most favorable to the party injured, a constitutional right has been violated; and (2) whether that right was clearly established.").

In his Complaint, Browning alleges that he told the three Defendants that Coates threatened him. He also alleges that Coates had a history of violent acts.

The Court recognizes that, in declarations previously submitted to the Court, the Defendants

assert that they do not recall Browning telling them that Coates threatened him or, in the case of Pennington, he does not recall another prison official telling him of the threat. (DE 37, Declarations). However, even if this Court were to consider the declarations on a Motion to Dismiss, they simply create an issue of fact as to the Defendants' knowledge.

The Court also recognizes, as the government argues that, "[t]he evidence in this case amounts to nothing more than Browning's bare allegations." (DE 49 at 6). However, at this stage of the proceedings – a motion to dismiss – Browning is not expected to produce anything more than sufficient allegations. He has done so and, thus, the motion to dismiss must be denied.

In his response to the Supplemental Motion to Dismiss, Browning asks the Court to grant him various forms of relief other than the denial of the motion. Pursuant to the Federal Rules of Civil Procedure, a request for a Court order must be made by a motion. Fed. R. Civ. P. 7(b)(1). Browning is directed to file a motion when seeking Court action.

Accordingly, the Court hereby ORDERS as follows:

1) the Defendants' Supplemental Motion to Dismiss (DE 49) is GRANTED in part and DENIED in part;

2) the motion is GRANTED as to the Defendant named "Mr. Edwards;" the claim against Mr. Edwards is DISMISSED; and the motion is otherwise DENIED; and

3) the Clerk of the Court is DIRECTED to SUBSTITUTE "Benjamin Pennington" for "L.T. Pennerton" as a Defendant in this matter.

Dated this 3rd day of May, 2010.



**Signed By:**

*Karen K. Caldwell*

**United States District Judge**