UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-CV-88-KKC

JAMES HOLMAN BROWNING, JR                                              PLAINTIFF

VS:                                **OPINION AND ORDER**

BENJAMIN PENNINGTON, ET AL.                                           DEFENDANTS

* * * * * *

This matter is before the Court on the Plaintiff's Motion to Amend his complaint (DE 71)

to add four additional defendants who he identifies as L. Turner, James Link, James Meade, and L.T.

John Konkle.  None of the currently named Defendants has responded to the motion.

Plaintiff James Holman Browning, Jr. claims that various prison officials violated his right

to be free from cruel and unusual punishment under the Eighth Amendment of the United States

Constitution.  In his initial Complaint, Browning asserted two kinds of Eighth Amendment claims

against the Defendants. He asserted the Defendants failed to protect him from a serious risk that he

would be substantially harmed by another inmate and that they were deliberately indifferent to his

medical needs. The Court determined that Browning also asserted a claim under the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. § 1346(b).

In his initial Complaint (DE 7), Browning named the following six defendants: Mr. Edwards,

L.T. Pennerton, Tim Fazenbaker, Myron L. Batts, Suzanne R. Hastings, and B. Gourdouze.  He did

not indicate whether he asserted the claims against the Defendants in their individual or official

capacities.

By opinion dated October 8, 2008 (DE 10), this Court dismissed the official-capacity claims

against all of the Defendants and the claims under the FTCA.  By opinion dated June 22, 2009 (DE

46), this Court dismissed the Plaintiff's Eighth Amendment medical-needs claims against all of the Defendants. The Court also dismissed the Plaintiff's Eighth Amendment failure-to-protect claims against Defendant Hastings and Gourdoze and, thus, all claims against those two defendants have now been dismissed.

After the June 22, 2009 opinion, the remaining claims in the action were Browning's failure-to-protect claims against Mr. Edwards, L.T. Pennerton, Tim Fazenbaker and Myron L. Batts. Browning then filed this motion to amend his complaint to add claims against L. Turner, James Link, James Meade, and L.T. John Konkle.

After Browning filed this motion, by opinion dated May 3, 2010, the Court ruled on a Supplemental Motion to Dismiss (DE 76) filed by the Defendants and dismissed Browning's claim against Mr. Edwards and also ruled that "Benjamin Pennington" should be substituted for the named Defendant "L.T. Pennerton."

Accordingly, there are now three Defendants in the case: Benjamin Pennington, Tim Fazenbaker, and Myron L. Batts, in their individual capacities. The only remaining claims are the Plaintiff's claim that each of these Defendants failed to protect him as required under the Eighth Amendment.

In his current motion to amend, Browning seeks to add claims against four new defendants: L. Turner, James Meade, L.T. John Konkle and James Link. Browning states that each of these defendants failed to protect him from a serious risk of substantial harm. As to Turner, Konkle, and Meade, Browning asserts that these defendants were indifferent to reports that he was being threatened and to his request for protection. The Court will permit Browning to amend his Complaint to add the failure to protect claim against these Defendants.

2

As to Link, Browning asserts that Link improperly destroyed a videotape and that he did not sanction the assailant after the assault at issue. Browning does not assert any allegations against Link that support a claim that Link failed to protect Browning from a serious risk of substantial harm and, thus, the Court will not permit Browning to amend his Complaint to assert this claim against Link.

While the Court will grant Browning's motion to amend his complaint to assert charges that L. Turner, James Meade, and L.T. John Konkle failed to protect him from a serious risk of substantial harm, the Court cannot direct that his tendered amended complaint be filed in the record. This is because the tendered amended complaint names James Link as a Defendant and contains allegations against him and also because Browning filed his motion to amend before receiving the Court's May 3, 2010 ruling dismissing Mr. Edwards and substituting Benjamin Pennington for L.T. Pennerton. Accordingly, the tendered amended complaint continues to contain the charges against Mr. Edwards and L.T. Pennerton.

If Browning desires to amend his complaint to assert charges that L. Turner, James Meade, L.T. John Konkle and James Link failed to protect him from a serious risk of substantial harm, then he must tender to the Court an Amended Complaint that conforms to this opinion.

For all these reasons, the Court hereby ORDERS as follows:

1)      Browning's Motion to Amend his Complaint (DE 71) is GRANTED in part and DENIED in part as follows:

    a)      the Motion is GRANTED as to Browning's request to assert charges that L. Turner, James Meade, and L.T. John Konkle failed to protect him from a serious risk of substantial harm; and

    b)      the Motion is DENIED as to Browning's request to add James Link as a

Defendant in this matter; and

2)    Browning SHALL FILE within 20 days of the entry date of this order an Amended

Complaint that conforms with this opinion. Specifically, the Amended Complaint

should delete the names James Link and Mr. Edwards and the allegations against

those individuals contained in the Amended Complaint tendered with this motion.

Further, the Amended Complaint should substitute the name Benjamin Pennington

for the name L.T. Pennerton.

Dated this 16th day of September, 2010.

Signed By:

*Karen K. Caldwell*

**United States District Judge**