UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-CV-88-KKC

JAMES HOLMAN BROWNING, JR                                          PLAINTIFF

VS:                          **OPINION AND ORDER**

BENJAMIN PENNINGTON, ET AL.                                       DEFENDANTS

\* \* \* \* \* \*

This matter is before the Court on several motions filed by the Plaintiff, James Holman Browning, Jr. The first issue to be resolved is whether this Court has jurisdiction over this action now that Browning has filed a Notice of Appeal.

The filing of a Notice of Appeal generally divests the district court of jurisdiction. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). However, where the notice is filed while a timely Rule 59(e) motion is pending, the notice has no effect and is a "nullity." *United States v. Real Property Located at U.S. Highway S.*, 23 Fed. Appx. 523, 526 (6th Cir. 2001); *Meyers v. Hurst*, 7 F.3d 234, 234 (6th Cir. 1993).

Here, Browning filed the Notice of Appeal [DE 105] after filing a Rule 59(e) motion [DE 104]. Thus, the notice has no effect and this Court retains jurisdiction over this matter.

Furthermore, even when a Notice of Appeal is filed absent a Rule 59(e) motion, this Court retains jurisdiction under certain circumstances including where the appeal is from a non-final, non-appealable order. *Pittock*, 8 F.3d at 327; *Cochran v. Birkel*, 651 F.2d 1219, 1222-23 (6th Cir. 1981). The opinions which are the subject of the Notice of Appeal and the Rule 59(e)/60(b) motion are dated September 16, 2010 and November 15, 2010. Both opinions granted in part and denied in part Browning's motion to amend his complaint to add four defendants.

A denial of a motion to amend a complaint is generally not appealable. *Caldwell v. Moore*, 968 F.2d 595, 598 (6th Cir. 1992); *Soliday v. Miami County, Ohio*, 55 F.3d 1158, 1165 (6th Cir. 1995). Such an order is appealable only after the entry of a final judgment because the judgment "calls into question the propriety of all the nonfinal rulings of the district court." *Moore*, 968 F.2d 595, 598 (6th Cir. 1992). Because Browning appeals from a non-final, non-appealable order, this Court retains jurisdiction of this action.

Accordingly, the Court will resolve some of the pending motions in this matter.

### A.   Plaintiff's Application to Proceed without Prepayment of Fees [DE 95].

The first motion is Browning's Application to Proceed without Prepayment of Fees and Affidavit [DE 95]. This was filed about two months before Browning filed his Notice of Appeal. Thus, Browning seems to be requesting leave to proceed in forma pauperis in this district court action, not in the appellate action. Browning has already been granted leave to proceed in forma pauperis in this case. [DE 9, as amended by Order entered on October 24, 2008, DE 14]. Accordingly, Browning's current application will be DENIED as moot.

### B.   Plaintiff's Motion to Extend Notice of Appeal [DE 106].

The second motion is Browning's Motion to Extend Notice of Appeal [DE 106]. The relief sought in this motion is not clear. However, the Court understands the motion to request that no action be taken on his appeal until this Court rules on Browning's Rule 59(e)/60(b) motion. He further seems to request that he not be required to pay the appellate filing fee until this Court has ruled on the Rule 59(e)/60(b) motion.

This Court has no jurisdiction to stay an appeal. As to Browning's request that this Court not require him to pay an appellate filing fee at this time, this Court has jurisdiction over that issue.

Fed. R. App. Proc. 3(e). Because this Court has determined that the Notice of Appeal has no effect, Browning will not be required to pay the appellate filing fee.

To the extent that Browning is instead requesting that this Court dismiss his appeal, the appeal has already been docketed by the Sixth Circuit Court of Appeals. Thus, this Court has no jurisdiction to dismiss it. Fed. R. App. Proc. 42(a)(district court may dismiss an appeal only before the appeal has been docketed by the Circuit Clerk).

Accordingly, Browning's Motion to Extend Notice of Appeal [DE 106] will be granted only to the extent that he asks the Court to rule that he is not required to pay an appellate filing fee at this time. The motion will be otherwise denied.

**C.     Plaintiff's Rule 59(e) and 60(b) Motion [DE 104].**

As to Browning's motion for this Court to alter or amend its September 16, 2010 and November 15, 2010 Opinions, Browning moves under Rule 59(e) and Rule 60(b). Neither of these rules are appropriate to challenge a nonfinal order.

By its own terms, Rule 59(e) applies only to judgments. Neither the September 16, 2010 Opinion nor the November 15, 2010 Opinion were "judgments." Likewise, by its own terms, Rule 60(b), applies only to "final" orders and judgments. *Mallory v. Eyrich*, 922 F.2d 1273, 1277 (6th Cir. 1991); *Payne v. The Courier-Journal*, 193 Fed. Appx. 397, 400 (6th Cir. 2006). As discussed above, the September and November Opinions granted in part and denied in part Browning's motion to amend his complaint to add four additional defendants. Those opinions are not final orders or judgments.

The Federal Rules of Civil Procedure do not explicitly provide for the reconsideration of nonfinal orders. Nevertheless, in an unpublished opinion, the Sixth Circuit has provided that such

orders can be considered under Rule 54(b). *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). That rule provides, in part:

> [A]ny order .... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

And, in a published opinion, the Sixth Circuit held that "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory*, 922 F.2d at 1282. Pursuant to that authority, "a district court may modify, or even rescind, such interlocutory orders." *Id*.

As to the standard to apply on a motion to reconsider an interlocutory order, in *Rodriguez*, the Court stated:

> Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.

*Rodriguez*, 89 Fed. Appx. at 959.

Browning asserts that the September and November Opinions should be set aside because of newly discovered evidence. However, to justify reconsideration of the September 16, 2010 and November 15, 2010 Opinions on the basis of newly discovered evidence, Browning must assert that he discovered some evidence after those opinions were issued. He does not make that assertion and, thus, provides no basis for this Court to alter or amend those opinions.

Browning appears to assert instead that he discovered evidence after the April 15, 2010 deadline for amending the pleadings in this matter. Nevertheless, he never moved to set aside that deadline. Further, the evidence that he claims to have discovered after the deadline was known to

4

him in at least March 2010.

Browning appears to be referring to an Amended Declaration of James Link dated August 24, 2010. This is the only relevant evidence attached to his motion. In the declaration, Link states that he is a Special Investigative Agent at Big Sandy, the prison where the incident involved in this matter took place, and that he investigated the incident at issue. Link states that a prior declaration by him regarding this incident was incorrect. He states that, in contrast to that prior declaration, no video surveillance data of the incident was saved, no criminal referral was made, and no disciplinary action was taken against the inmate who allegedly assaulted Browning. This is apparently the basis for Browning's civil conspiracy claim.

However, Browning was aware of these facts in March 2010. At that time, in support of a failure to protect claim against Link [DE 71, Motion to Amend & Ex. 2, Tendered Amended Complaint], Browning asserted that Link destroyed a videotape and that there was no evidence of any sanctions against the inmate who assaulted Browning or that any criminal referral was made regarding the incident.

Thus, even if the Court could consider it at this point, Browning cites no evidence discovered by him after April 15, 2010 that supports the civil conspiracy claim against all of the Defendants or a failure to protect claim against Link.

For these reasons, the Court finds no basis for reconsidering the September and November Opinions. Thus, there are now six Defendants in this matter: Benjamin Pennington, Tim Fazenbaker, Myron Batts, L. Turner, James Meade, and L.T. John Konkle, all of whom are sued in their individual capacities. The only remaining claims are Browning's claims that each of these Defendants failed to protect him as required under the Eighth Amendment.

D.  CONCLUSION.

For all these reasons, the Court hereby ORDERS as follows:

1) Browning's Application to Proceed without Prepayment of Fees [DE 95] is DENIED as moot.

2) Browning's Motion to Extend Notice of Appeal [DE 106] is GRANTED in part and DENIED in part. The motion is GRANTED to the extent that Browning asks the Court to rule that he is not required to pay an appellate filing fee at this time and the motion is otherwise DENIED; and

3) Plaintiff's Rule 59(e)/60(b) Motion [DE 104] is DENIED.

Dated this 20th day of January, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge