UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 08-CV-88-KKC

JAMES HOLMAN BROWNING, JR                                          PLAINTIFF

VS:                         **OPINION AND ORDER**

BENJAMIN PENNINGTON, ET AL.                                        DEFENDANTS

\* \* \* \* \* \*

This matter is before the Court on two motions filed by the Plaintiff, James Holman Browning, Jr. (DE 114, 117].

**A.     Background.**

Browning claims that various prison officials violated his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. In his initial Complaint, Browning asserted two kinds of Eighth Amendment claims against the Defendants. He asserted the Defendants failed to protect him from a serious risk that he would be substantially harmed by another inmate and that they were deliberately indifferent to his medical needs. The Court determined that Browning also asserted a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).

In his initial Complaint [DE 7], Browning named the following six defendants: Mr. Edwards, L.T. Pennerton, Tim Fazenbaker, Myron L. Batts, Suzanne R. Hastings, and B. Gourdouze. He did not indicate whether he asserted the claims against the Defendants in their individual or official capacities.

By opinion dated October 8, 2008 [DE 10], this Court dismissed the official-capacity claims against all of the Defendants to the extent that they were asserted and also dismissed the claims under the FTCA. By opinion dated June 22, 2009 [DE 46], this Court dismissed the Plaintiff's Eighth Amendment medical-needs claims against all of the Defendants. The Court also dismissed the Plaintiff's Eighth Amendment failure-to-protect claims against Defendant Hastings and Gourdoze and, thus, all claims against those two defendants have now been dismissed. By opinion dated May 3, 2010, the Court ruled on a Supplemental Motion to Dismiss [DE 76] filed by the Defendants and dismissed Browning's claim against Mr. Edwards and also ruled that "Benjamin Pennington" should be substituted for the named Defendant "L.T. Pennerton."

In an opinion dated September 16, 2010 [DE 92], the Court ruled that it would permit Browning to amend his Complaint to add a failure to protect claim against three new defendants: L.Turner, James Meade, and L.T. John Konkle. Browning had also sought leave to add a failure to protect claim against James Link. The Court did not permit Browning to amend his Complaint to assert this claim against Link because Browning did not assert any allegations against Link that supported a claim that he failed to protect Browning. The Court ordered Browning to file a new Amended Complaint that complied with the September 16, 2010 order and that, specifically, deleted the names James Link and the allegations against him.

Instead of complying with that Order, Browning filed another motion to amend, again seeking to add the failure to protect claims against not only L. Turner, James Meade, and L.T. John Konkle as the Court had already approved but also against Link. Browning also sought to add a new civil conspiracy claim against each of these defendants.

In an opinion dated November 15, 2010 [DE 101], this Court denied Browning's motion to

add the claims against Link and the civil conspiracy claim, noting that the deadline for filing motions to join additional parties and to amend the pleadings was April 15, 2010 [DE 65]. That deadline had long passed. Because Browning had timely moved to assert failure to protect claims against L. Turner, James Meade, and L.T. John Konkle in his prior motion [DE 71] and the Court had already granted him leave to assert those claims, the Court permitted Browning to file the Amended Complaint asserting these claims. But the Court denied Browning's motion to the extent he sought to add claims against Link and to add a civil conspiracy claim against the other Defendants. The Court determined that Browning's motion to add those claims was not timely.

### B. Plaintiff's Rule 59(e) and 60(b) Motion [DE 114].

Browning now files a "Motion to Reopen Judgment Based on Newly Discovered Evidence FRCP 60(b) and 59(e) Reopen Judgment Based on Motion to Extend Scheduling Order by Both Parties." [DE 114]. With his motion, Browning again asks the Court to reconsider the Court's prior opinions [DE 101, 108 (order on Rule 59/60 motion)] which denied him leave to amend his complaint to add the failure to protect claim against Link and to assert civil conspiracy claims against all of the Defendants including Link.

Again, the Court's denial of Browning's motion to amend was largely based on the fact that it came well after the April 15, 2010 deadline for amending the pleadings in this action. After reviewing the docket in this matter – which has been made considerably more lengthy and complicated because of Browning's frequent filings – the Court understands that the government has moved to extend the discovery, dispositive motion, pretrial and trial date deadlines in this action. [DE 86]. While Browning initially objected to that motion [DE 87], he later withdrew that objection [DE 103] and the Magistrate Judge has now granted the motion. [DE 109].

3

Accordingly, the Court finds its prior basis for denying Browning's motion to amend is now rendered moot. No party would be prejudiced by the filing of an Amended Complaint in this action now that the Court has agreed to extend the critical deadlines in this action.

The Court has reviewed Browning's Amended Complaint [DE 102] in compliance with 28 U.S.C. § 1915A. As to the allegations against Link, Browning asserts that he made a request prior to "count time" to be locked into an activity room and counted there rather than in his cell. He states that Pennington, Link or Konkle nonetheless requested that he go to his cell. He further asserts that he presented Link and these other officers "evidence of a strong likelihood that violence towards me would occur, and they ignored my reasonable requests for protection." [DE 102 at CM-ECF p. 5]. He states that Link was "fully aware of my reports of threats of physical violence towards me" but that Link still requested that Browning lock down in his cell with the inmate assailant. [DE 102 at CM-ECF p. 5]. These are sufficient allegations to state a claim that Link failed to protect him from a serious risk that he would be substantially harmed by another inmate.

Because a *Bivens* claim for damages may not be asserted against a federal officer in his official capacity, the Amended Complaint will be construed to assert a claim against Link only in his individual capacity. *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991).

As to the civil conspiracy claim contained in the Amended Complaint, a civil conspiracy is "an agreement between two or more persons to injure another by unlawful action." *Farhat v. Jopke,* 370 F.3d 580, 599 (6th Cir. 2004) (quoting *Weberg* v. Franks, 229 F.3d 514, 526 (6th Cir.2000)). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim. . . ." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987). Accordingly, "pleading requirements

governing civil conspiracies are relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir.2008).

In his Amended Complaint, with regards to his civil conspiracy claim, Browning asserts that Defendants L. Turner or James Meade "placed a second phone call to James Link, LT. Konkle or LT. Pennington at 3:50 p.m." and "they failed to take proper action to protect me when prior warning was given about my concerns and that, to convey my concerns they made phone calls to James Link to inquire as to what should be done." [DE 102 at CM-ECF p. 7]. This allegation does not assert a civil conspiracy or any meeting of the minds among the Defendants concerning any wrongful conduct. Instead, it is related to Browning's underlying failure to protect claim and the Defendant's knowledge of any risk of substantial harm to the Defendant.

As to his civil conspiracy claim, Browning also appears to assert that, to prevent his assault from being referred to the U.S. Attorney's office for criminal investigation, the Defendants conspired in the "destruction of key evidence." [DE 104 at CM-ECF p. 8]. Here, Browning refers to an "Amended Declaration" by James Link dated August 24, 2010. [DE 88, Ex. 1]. In the declaration, Link states that a prior declaration by him regarding this incident was incorrect. He states that, in contrast to that prior declaration, no video surveillance data of the incident between Browning and the other inmate was saved, no criminal referral was made, and no disciplinary action was taken against the inmate who allegedly assaulted Browning.

Browning asserts that the Defendants "conspired to fail to carry out this failure-to-protect claim," [DE 102 at CM-ECF p. 8] by destroying the videotape "to prevent the criminal referral" of the assault to the U.S. Attorney and/or the FBI. [CM-ECF p. 9]. Browning states "the essence of the conspiracy is the agreement to commit an illegal act of failure-to-protect when James Link knowingly participate[d] with core conspirators to achieve a common goal of an overall conspiracy,

5

[where] the net effect of the evidence withheld by James Link in this case raises a reasonable probability that its disclosure would have produced a different result." [CM-ECF p. 9].

This Court has addressed the issue of the videotape in several prior rulings. The Court has previously determined there is nothing irregular or suspect about the fact that the BOP did not retain the videotape. [DE 46, CM-ECF p. 14]. In denying Browning's motion for sanctions on this issue, the Magistrate Judge determined that Browning had not established that the Defendants should reasonably have known that litigation would follow the assault against him. [DE 109, CM-ECF p. 15]. However, even assuming the videotape was wrongly destroyed by the Defendants after the assault on Browning, this does not constitute a conspiracy to fail to protect him. The failure to protect would have already occurred at the time of the destruction of the videotape.

Wrongful destruction of evidence may constitute *evidence* of the failure to protect him. Wrongful destruction of evidence may also warrant sanctions which would hinder the Defendants' ability to defend a failure to protect claim. *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009). But, even if the Defendants did conspire to wrongly destroy the videotape of the assault underlying this matter, that does not constitute a conspiracy to fail to protect him.

Accordingly, the Court will dismiss Browning's civil conspiracy claim against all of the Defendants.

As a result of this Opinion, there are now seven Defendants in this matter: Benjamin Pennington, Tim Fazenbaker, Myron Batts, L. Turner, James Meade, and L.T. John Konkle, all of whom are sued in their individual capacities. The only remaining claims are Browning's claim that each of these Defendants failed to protect him as required under the Eighth Amendment.

### C. Browning's Amended Motion for Preliminary Injunction [DE 117].

Browning has also filed a document titled "Plaintiff's Memorandum of Objections under FRCP-72(b), Amended Motion Based on Preliminary Injunction 65(a)(2)." [DE 117]. With this motion, Browning appears to be asserting objections to the Magistrate Judge's Recommended Disposition dated January 24, 2011 [DE 111] in which the Magistrate Judge recommended that Browning's motion for a preliminary injunction [DE 80] be denied. This Court has previously adopted that Recommended Disposition [DE 122].

To the extent that Browning's "Memorandum of Objections under FRCP-72(b), Amended Motion Based on Preliminary Injunction 65(a)(2)" objects to the Recommended Disposition, the Court finds no objections of merit and, thus, any objections are overruled. To the extent that Browning moves for Preliminary Injunction, Browning does not assert facts that entitle him to a Preliminary Injunction. Accordingly, and for the reasons stated in the Magistrate Judge's Recommended Disposition, the motion will be denied.

### D. CONCLUSION.

For all these reasons, the Court hereby ORDERS as follows:

1) Browning's Motion to Reopen Judgment Based on Newly Discovered Evidence FRCP 60(b) and 59(e) Reopen Judgment Based on Motion to Extend Scheduling Order by Both Parties [DE 114] is GRANTED in part and denied in part. The motion is GRANTED to the extent that the no claims or allegations are stricken from the Amended Complaint. The motion is otherwise DENIED;

2) However, pursuant to 28 U.S.C. § 1915A, Browning's civil conspiracy claim against all of the Defendants is DISMISSED;

3) As to Browning's Memorandum of Objections under FRCP-72(b), Amended motion Based on Preliminary Injunction 65(a)(2) [DE 117], any objections contained in the document are OVERRULED. To the extent that this document moves for Preliminary Injunction, that motion is DENIED.

4) A Deputy Clerk in the Pikeville Clerk's Office shall prepare the documents necessary for service of process upon the following Defendant in this action: (1) L. Turner, (2) James Meade, (3) L.T. Konkle, and (4) James Link .

5) To facilitate service of process on these identified Defendants, the Deputy Clerk shall prepare a "Service Packet" consisting of the following documents:

    a. a completed summons form;
    b. the Amended Complaint [DE 102];
    c. the Order granting Plaintiff *in forma pauperis* status [DE 9]];
    d. this Opinion and Order; and
    e. a completed USM Form 285.

If the Clerk is unable to fully and accurately complete any of the documents described above, the Clerk shall set forth the reason in a docket entry.

6) For each of these identified Defendants, the Deputy Clerk shall prepare four (4) Service Packets to be provided to the USM Office in Lexington, Kentucky, addressed as follows:

    a. to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;
    b. to the Office of the Attorney General of the United States in Washington, D.C.;
    c. to the Central Office of the Federal Bureau of Prisons in Washington, D.C.; and
    d. for personal service at the United States Penitentiary-Big Sandy, in Inez, Kentucky.

7) The Deputy Clerk shall send the required Service Packet for each of these identified Defendants by certified mail to the USM Office in Lexington Kentucky and shall enter the certified mail receipt into the record.

8) The USM Office shall serve these identified Defendants as follows:

    a. Sending a Service Packet for each of the identified Defendants by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;
    b. Sending a Service Packet for each of the identified Defendants by certified or registered mail to the Office of the Attorney General of the United States in Washington, D.C.;
    c. Sending a Service Packet for each of the identified Defendants by certified or registered mail to the Central Office of the Federal Bureau of Prisons in Washington, D.C.; and
    d. Personally serving a Service Packet on each of the identified Defendants in his individual capacity, at the United States Penitentiary-Big Sandy in Inez, Kentucky, through arrangement with the Federal Bureau of Prisons or by personal service wherever else he or she may be found.

9) The USM Office is responsible for ensuring that each of the identified Defendants is successfully served with process. In the event that an attempt at service upon the Defendant is unsuccessful, the USM Office shall make further attempts and shall ascertain such information as is necessary to ensure successful service.

10) Within 40 days of the date of entry of this Order, the USM Office shall send a Service Report to the Pikeville Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished with respect to the identified Defendants.

    a. For each Defendant to be served by certified mail, the Service Report shall include:

        i. the green card showing proof of service; or

    ii.  a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

  b.  For each Defendant to be personally served, the Service Report shall indicate:

    i.  that the defendant was successfully served personally, or

    ii.  a statement explaining what efforts are being taken to locate the Defendant and accomplish personal service.

Dated this 17th day of March, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge